IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHARLES LOCKHART,<br><br>    Plaintiff,<br><br>vs.<br><br>MARK BEGOR, and EQUIFAX LLC,<br><br>    Defendants. | 8:23CV33<br><br>MEMORANDUM AND ORDER |

Plaintiff filed a Complaint on January 26, 2023. Filing No. 1. Plaintiff has been given leave to proceed in forma pauperis. Filing No. 9. The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff brings this action against Equifax LLC and its CEO, Mark Begor, (collectively "Defendants") seeking damages for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681–1681x. Plaintiff's only allegations against Defendants consist of the following:

> Mark Begor Through his Municipal Corporation EQUIFAX LLC willfully non-complied with my request and and [sic] the requirement imposed pursuant to the Fair Credit Reporting Act and Reported Inaccurate and Incomplete Information in my Credit File Which have resulted in Adverse Actions that have caused me to be denied for extension of credit, loans, and Job opportunities. This has had a negative effect on my businesses also I cant find lenders because of Mr. Begor and his Company's negligence for over 10 years.

Filing No. 1 at 4 (punctuation and capitalization as in original).

Plaintiff also filed an affidavit in support of his Complaint which recites provisions of the FCRA, the Federal Trade Commission Act, and the Consumer Financial

Protection Act of 2010. Filing No. 2. Plaintiff's affidavit appears to demand that Defendants pay for "all violations . . . according to the fcra" or Plaintiff will sue in district court and contact the Federal Trade Commission to enforce compliance. *Id.*

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court

should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## III. ANALYSIS

Liberally construed, Plaintiff alleges Defendants "willfully non-complied" with the FCRA by reporting inaccurate and incomplete information in Plaintiff's credit file for over 10 years. Filing No. 1 at 4. "Congress enacted the FCRA 'to address a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy.'" *Boyd v. Experian*, No. 4:23-CV-0013 JMB, 2023 WL 346004, at *3 (E.D. Mo. Jan. 20, 2023) (quoting *McIvor v. Credit Control Services, Inc.*, 773 F.3d 909, 915 (8th Cir. 2014)). *See also Poehl v. Countrywide Home Loans, Inc.*, 528 F.3d 1093, 1096 (8th Cir. 2008) (explaining that the FCRA "was enacted in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy"); *Hauser v. Equifax, Inc.*, 602 F.2d 811, 914 (8th Cir. 1979) (explaining that the FCRA is not meant to provide comprehensive regulation of the consumer reporting industry, but instead establishes a broad minimum standard of reasonable procedures that must be adopted by reporting agencies).

"The FCRA applies to 'consumers' and 'consumer reports,'" *Weber v. Specialized Loan Servicing, LLC*, 627 F. Supp. 3d 538, 544 (E.D.N.C. 2022) (citing 15 U.S.C. §§ 1681 *et seq.*), as well as to consumer reporting agencies ("CRA") which are "companies

3

that regularly disseminate information bearing on an individual's 'credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 335 (2016) (quoting 15 U.S.C. § 1681a(d)(1)). *See also* 15 U.S.C. § 1681a(f). The FCRA places responsibilities on CRAs and those that furnish them with information. *McIvor*, 773 F.3d at 915. The "FCRA has several mechanisms to protect consumer credit information, some of which apply to credit reporting agencies while others apply to users of the information provided by those agencies." *Poehl*, 528 F.3d at 1096. Additionally, "[t]he FCRA imposes civil liability on any person who willfully or negligently fails to comply with any of the Act's requirements with respect to a consumer." *Hurocy v. Direct Merchants Credit Card Bank, N.A.*, 371 F. Supp. 2d 1058, 1059 (E.D. Mo. 2005) (citing 15 U.S.C. §§ 1681n and 1681o).

Here, Plaintiff specifically cites to 15 U.S.C. §§ 1681c, 1681e, and 1681n of the FCRA as the bases for his claims. Filing No. 1 at 3. Section 1681c sets forth items of information that must be excluded from consumer reports, as well as items that must be disclosed. 15 U.S.C. § 1681c. Section 1681e(a) requires, in relevant part, that CRAs "maintain reasonable procedures designed to avoid violations of section 1681c of [the FCRA]." 15 U.S.C. § 1681e(a). Finally, section 1681n imposes civil liability on "[a]ny person who willfully fails to comply with any requirement imposed under [the FCRA] with respect to any consumer." 15 U.S.C. § 1681n(a).

Even when liberally construed, Plaintiff's mere citation to these statutory provisions of the FCRA, combined with his conclusory assertion that Defendants violated such provisions, fails to satisfy federal pleading standards to state a claim for

relief under the FCRA. "Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Additionally, "[t]hough pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (internal citations omitted); *see also Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) ("[W]e will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded"); *Cunningham v. Ray*, 648 F.2d 1185, 1186 (8th Cir. 1981) ("[P]ro se litigants must set [a claim] forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law."). In assessing whether a complaint contains sufficient facts, the Court may disregard legal conclusions that are stated as factual allegations. *See Iqbal*, 556 U.S. at 678. A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting Fed. R. Civ. P. 8(a)(2); citation omitted)).

Plaintiff's allegations are predominantly legal conclusions about Defendants' alleged reporting of inaccurate and incomplete information in Plaintiff's credit file. However, the Complaint provides no facts to support these allegations. Plaintiff does not identify what information was inaccurate or incomplete, to whom such information was reported, or even when such information was reported. Plaintiff's conclusory

allegations fall far short of giving notice of the grounds for his claims. Accordingly, Plaintiff's allegations are not entitled to an assumption of truth and the Complaint is subject to dismissal.

## IV.  CONCLUSION

As currently pleaded, Plaintiff's Complaint fails to allege sufficient facts to state a plausible claim for relief under the FCRA against Defendants and, thus, is subject to dismissal under 28 U.S.C. § 1915(e). On the Court's own motion, Plaintiff will be given 30 days in which to file an amended complaint that states a plausible claim for relief against Defendants and clearly explains what Defendants did to him, when Defendants did it, and how Defendants' actions harmed Plaintiff. Plaintiff is advised that any amended complaint he files will supersede his original Complaint.

IT IS THEREFORE ORDERED that:

1.     Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff. In the amended complaint, Plaintiff must comply with federal pleading requirements.

2.     In the event Plaintiff files an amended complaint, Plaintiff shall restate the relevant allegations of the Complaint, Filing No. 1, and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

3. The Court reserves the right to conduct further review of Plaintiff's claims in the event he files an amended complaint.

4. The Clerk of the Court is directed to set a pro se case management deadline using the following text: **January 2, 2024**: amended complaint due.

Dated this 30th day of November, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge